# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30904
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 9, 2017

Lyle W. Cayce
Clerk

HANG THUY NGUYEN,

Plaintiff–Appellant,

versus

UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES,

Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Louisiana

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Hang Thuy Nguyen appeals a summary judgment upholding the denial of her application for naturalization because, under state law, she had not received a "full and unconditional executive pardon" for her conviction of an aggravated felony. We find no error and affirm.

No. 16-30904

I.

Nguyen, a lawful permanent resident, was convicted in 2004 of the state crime of conspiracy to commit false or altered lottery tickets and received a suspended sentence of two years' imprisonment and two years' active probation. After completing probation, she was granted an automatic first-offender pardon. *See* LA. CONST. art. IV, § 5(E)(1); LA. REV. STAT. ANN. § 15:572(B)(1). Nguyen applied for naturalization. The U.S. Citizenship and Immigration Services ("USCIS") denied the application and stated in its reaffirmance of the denial that her conviction, an aggravated felony, permanently prevented her from demonstrating good moral character and thus from being naturalized.

Nguyen sought judicial review. The district court granted summary judgment on the ground that Louisiana's automatic first-offender pardon is not a "full and unconditional executive pardon" as required by 8 C.F.R. § 316.10. Nguyen appeals.

II.

Nguyen contests USCIS's interpretation of its regulation. She asserts that the Louisiana statute implementing the first-offender pardon demonstrates that this is a full pardon such that it falls within the regulation. We disagree.

Among the requirements to become a naturalized citizen is to have been a "person of good moral character" during the proscribed five-year waiting period as a lawful permanent resident. 8 U.S.C. § 1427(a). An applicant for naturalization is permanently barred from demonstrating good moral character if convicted of an aggravated felony, as defined in 8 U.S.C. § 1101(a)(43), any time on or after November 29, 1990. 8 U.S.C. § 1101(f)(8); 8 C.F.R. § 316.10-(b)(1)(ii). The regulations allow an exception for those who have received a "full and unconditional executive pardon." 8 C.F.R. § 316.10(c)(2)(i).

2

No. 16-30904

Louisiana's constitution provides for two different sorts of pardon. The first is a discretionary pardon or commutation issued by the governor. LA. CONST. art. IV, § 5(E)(1). The second is a pardon for first-time offenders issued "automatically upon completion of his sentence, without a recommendation of the Board of Pardons and without action by the governor." *Id.* USCIS has interpreted the second automatic first-offender pardon not to be a "full and unconditional executive pardon." We need not consider whether USCIS's interpretation is entitled to *Auer* deference,[1] because its interpretation of "full and unconditional executive pardon" is otherwise persuasive. *See Christopher v. SmithKline Beecham Corp.*, 132 S. Ct. 2156, 2168–69 (2012).

Louisiana distinguishes between the effects of its two types of pardons. A gubernatorial pardon "precludes the use of a pardoned offense to enhance punishment" and restores the individual to "a status of innocence." *State v. Adams*, 355 So. 2d 917, 921–22 (La. 1978) (internal quotation marks omitted). An automatic first offender pardon does not restore "a status of innocence" and, accordingly, "does not preclude consideration of a first felony conviction in adjudicating a person as a habitual offender." *Id.* at 922.

Nguyen urges that there is no such distinction because the Louisiana statute implementing these pardons does not distinguish between them for purposes of considering pardoned offenses under habitual-offender statutes. The implementing statute states that "any person receiving a pardon under the provisions of [§ 5(E)(1)] and this Section may be charged and punished as a second or multiple offender as provided in R.S. 15:529.1." LA. REV. STAT. ANN. § 15:572(E). But the Louisiana Supreme Court has maintained the distinction between gubernatorial and automatic first-offender pardons in this

---

[1] *See Auer v. Robbins*, 519 U.S. 452, 461 (1997).

3

No. 16-30904

context.  *See Touchet v. Broussard*, 31 So. 3d 986, 993–94 (La. 2010).  Given that Louisiana does not consider the automatic first-offender pardon to restore "a status of innocence," as does a gubernatorial pardon, USCIS's interpretation that an automatic first-offender pardon is not a "full and unconditional executive pardon" is permissible.[2]

The summary judgment is AFFIRMED.[3]

---

[2] USCIS's interpretation of "full and unconditional executive pardon" in *Sharma v. Taylor*, 50 F. Supp. 3d 749, 754 (E.D. Va. 2014)—to include discretionary gubernatorial commutations that eliminate naturalization consequences—is substantively distinct and thus inapplicable.  It does not demonstrate that USCIS's interpretation of Louisiana's automatic first-offender pardons is invalid.

[3] Nguyen's motion to supplement the record is DENIED.  USCIS's motion to strike Nguyen's corrected brief is DENIED.